UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUZANNE J. SCHEUTER,

    Plaintiff,

v.                                              Case No: 8:23-cv-02783-NHA

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

The Defendant has moved without opposition to remand this case for further proceedings before the Social Security Administration. Doc. 23. The motion is granted.

Plaintiff seeks reversal of the Commissioner's decision that she is not disabled. Doc. 1. After a hearing, an Administrative Law Judge (ALJ) found that Plaintiff was not disabled, because, notwithstanding her severe impairments, she could perform work that exists in substantial numbers in the national economy. R. 1769, 1779.

Plaintiff argues that, in arriving at his conclusion, the ALJ erred by (1) failing to incorporate limitations from Plaintiff's fibromyalgia into Plaintiff's residual functional capacity, (2) failing to properly weigh the opinions of Bradley Ruch, MSN, RN, NP-C, and (3) failing to consider the side

effects of Plaintiff's medication. Pl. Br., Doc. 20; *see also* SSR 12-2p (setting the standard for addressing limitations related to fibromyalgia); 20 C.F.R. § 404.1520c (setting the standards for considering medical opinions); *id.* § 404.1529(c)(3)(iv) (stating that an ALJ will consider side effects).

Defendant did not oppose Plaintiff's request for reversal and remand on any grounds. Rather, after consulting with Plaintiff, Defendant filed an unopposed motion to remand the case for further administrative proceedings, including a de novo hearing. Doc. 23. Plaintiff does not oppose the motion. *Id.*, p. 1.

Pursuant to 42 U.S.C. § 405(g), the "court shall have [the] power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." In a remand pursuant to 42 U.S.C. § 405(g), the appropriate procedure is for a court to enter a final judgment in the claimant's favor. *Shalala v. Schaefer*, 509 U.S. 292, 296–97 (1993); *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996).

Based on the record and the parties' agreement that Plaintiff is entitled to a de novo hearing, it is ORDERED that:

1. The Commissioner's unopposed motion to remand (Doc. 23) is GRANTED.

2. The relief requested in Plaintiff's brief in opposition to the Social Security Administration's decision (Doc. 20) is GRANTED, consistent with this order.

3. The Clerk is directed to enter judgment for Plaintiff with instructions that the Commissioner's decision is REVERSED under sentence four of 42 U.S.C. § 405(g) and the case is REMANDED for further administrative proceedings consistent with this order.

4. The Clerk is directed to close the case.

ORDERED, in Tampa, Florida on June 6, 2024.

_____
NATALIE HIRT ADAMS
United States Magistrate Judge